

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 1 5 2008
Apr 15 2008
Judge Suzanne B. Conlon
United States District Court

UNITED STATES OF AMERICA )
)
vs. ) No. 08 CR 169
) Judge Suzanne B. Conlon
)
JOSE SANDOVAL A/K/A "MEECHI" )

### PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant JOSE SANDOVAL, and his attorney, ROBERT RASCIA, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with possessing with intent to distribute a controlled substance, namely heroin, in violation of Title 21, United States Code, Section 841(a)(1)(Count One); and distributing a controlled substance, namely heroin, in violation of Title 21, United States Code, Section 841(a)(1) (Count Two)

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the indictment.  Count One charges defendant with knowingly and intentionally possessing with intent to distribute a controlled substance, namely, in excess of one kilogram of mixtures containing heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One of the indictment.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

a.     With respect to Count One of the indictment, on or about February 25, 2008, at Chicago, in the Northern District of Illinois, Jose Sandoval, a/k/a "Meechi" defendant herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, 1 kilogram or more of mixtures and substances containing heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

On February 19, 2008, defendant met with a person who, unbeknownst to defendant, was working with the government as a confidential source ("CS").  During this meeting, Sandoval told the CS that Sandoval was capable of supplying large amounts of heroin, and the CS told Sandoval that he was interested in purchasing heroin from Sandoval.

2

On February 20, 2008, at approximately 11:40 a.m., the CS called Sandoval. During this conversation, Sandoval told the CS that he had a sample of heroin and the CS and Sandoval agreed to meet at the Walgreens located at Harlem Avenue and Cermak Road, in Berwyn, Illinois. A short time later on February 20, 2008, Sandoval and the CS met in the CS's vehicle at the Walgreen's Pharmacy, located at Harlem Avenue and Cermak Road, in Berwyn, Illinois, Sandoval drove into parking lot of the Walgreens. Sandoval gave the CS a small plastic bag which contained a sample of heroin weighing approximately 5.9 grams. Sandoval told the CS that Sandoval could supply the CS with more heroin if the CS like the quality of the sample.

On February 22, 2008, at approximately 10:20 a.m., Sandoval called the CS and told the CS that Sandoval wanted to meet the CS at the same Walgreens. At approximately, 10:30 a.m. that morning, at the Walgreens located at Harlem Avenue and Cermak Road, in Berwyn, Sandoval met the CS in the CS's vehicle. During that meeting, the CS told Sandoval the CS would be ready to purchase the heroin on the following Monday. The CS told Sandoval that that the CS wanted two kilograms of heroin. Sandoval agreed to ask his supplier, Individual A, if Individual A could give Sandoval two kilograms of heroin to sell to the CS.

On February 25, 2008, at the parking lot of a Circuit City near the intersection of Cermak and Harlem in Berwyn, Illinois, Sandoval met with the CS in the CS's vehicle. Sandoval told the CS that Sandoval would have to get the heroin in the area of 54th Street

3

and 26th Street in Cicero, Illinois. The CS and Sandoval traveled separately to the area of 54th and 26th Street in Cicero.

A short time later, at 54th Street and 26th Street in Cicero, Sandoval met with the CS in the CS's vehicle. After speaking with Individual A on the phone, Sandoval told the CS that they needed to go to 31st and St. Louis to get the heroin. The CS agreed to drive Sandoval to 31st Street and St. Louis.

The CS drove Sandoval in the CS's vehicle to 31st Street and St. Louis Street in Chicago. The CS parked the CS's vehicle in the 3000 block of south St. Louis Street. Sandoval got out of the CS's vehicle and walked into the gangway of 3042 South St. Louis. Sandoval walked to the side entrance of the residence and went inside. Individual A walked into the residence immediately in front of Sandoval. Individual A told Sandoval that two rectangular, grey packages, which were wrapped in duct tape, were sitting on a table in the house. Sandoval believed that these two packages contained approximately two kilograms of heroin. Sandoval picked up the two rectangular, grey packages, and put them in the front waistband of his pants. Sandoval left the house, walked out the same gangway, and re-entered the CS's vehicle. Sandoval was arrested a short time later. The substance in the two packages, which Sandoval was carrying, weighed approximately 1,883 grams and tested positive for the presence of heroin.

4

## Maximum Statutory Penalties

7.     Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a.     Count One carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count One also carries a maximum fine of $4,000,000. Defendant further understands that with respect to Count One the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b.     In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

5

a.    **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.    **Offense Level Calculations.**

i.    The base offense level for the charge in Count One of the indictment is 32, pursuant to Guideline §2D1.1(c) because the offense involved at least 1 kilogram but less than 3 kilograms of heroin;

ii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii.    In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level

reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    iv. Based on the evidence now known to the government, the parties agree, subject to the Court's approval, that Guideline §5C1.2 and Title 18, United States Code, Section 3553(f) are applicable, and that the Court shall impose a sentence without regard to any statutory minimum sentence, and the offense level shall be reduced by two levels, pursuant to Guideline §2D1.1(b)(11).

    c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

    d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 27, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 70 to 87 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 10 years' imprisonment, if the Court determines that it applies.

    e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon

which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      f.     Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10.     The government agrees to recommend that sentence be imposed at the low end of the applicable guidelines range, or at the mandatory minimum, if applicable, whichever is greater.

8

11.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above.  Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to this defendant.

### Presentence Investigation Report/Post-Sentence Supervision

14.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters.  The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of

his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

17.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 169.

10

18.     This Plea Agreement concerns criminal liability only.  Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity.  The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights.**  Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury.  Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random.  Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where

11

actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.   If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.  The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.   At a trial, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could

require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

c.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

20.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

21.    Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

13

## Conclusion

22.     Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

23.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

24.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

14

25.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

26.     Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney.   Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: _April 14, 2008_


_Moni Pasqual for PJF_
PATRICK J. FITZGERALD
United States Attorney

_Jose Sandoval_
JOSE SANDOVAL
Defendant


MICHAEL T. DONOVAN
Assistant U.S. Attorney

ROBERT RASCIA
Attorney for Defendant