**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No.: 08 CR 169-1 |
| | ) Honorable Judge Suzanne B. Conlon |
| JOSE SANDOVAL, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT JOSE SANDOVAL'S SENTENCING POSITION PAPER**

The defendant, **JOSE SANDOVAL,** by and through his attorney, **ROBERT L. RASCIA** pursuant to Rule 32 of the Federal Rules of Criminal Procedure and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), respectfully submits this sentencing position paper.

    **I.    Guideline Calculation.**

The presentence investigation report calculates a total offense level of 27, with a criminal history category of I. The application of guideline § 5C1.2 allows this court to impose a sentence below the statutory minimum sentence of 10 years. The advisory guideline sentencing range is 70 to 87 months. The defendant does not challenge this calculation.

    **II.    Reasonable Sentence for this Defendant.**

The sentencing guidelines are no longer mandatory, the decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) has made the guidelines advisory. Booker requires the sentencing judge to begin the sentencing process by determining the applicable guideline range, but permits the judge, so long as he does not stray outside the statutory range, to sentence the defendant below or above the guideline range if the sentencing

1

factors in the sentencing Reform Act, 18 U.S.C. §3553 (a) warrant.  United States v. Roberson, 474 F. 3d 432 (7th Cir. 2007); The defendant acknowledges that the advisory guideline sentence is the presumptively reasonable sentence. United States v. Mykytiuck, 415 F. 3d 606 (7th Cir. 2005).  The court should not presume it is the correct sentence.  United States v. Brown, 450 F. 3d 76 (1st Cir. 2006).

As a result of Booker and its progeny it is now well settled that sentencing courts are to treat the sentencing guidelines as advisory, viewing them as but one factor to consider in fashioning a sentence that meets the statutory purposes set forth by Congress in 18 U.S.C. § 3553 (a).  Thus, this court is no longer bound solely by the guidelines, but must consider the factors outlines in § 3553 (a).

Pursuant to 18 U.S.C. § 3553 (a) the court must impose a sentence sufficient but not greater than necessary after considering the factors listed in § 3553 (a).  The factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentence available; (4) the kinds of sentence and the sentencing range established for the offense and (5) the need to avoid unwarranted disparities in sentencing among defendants with similar records who have been found guilty of similar conduct.

The advisory guideline sentence is only one of the sentencing factors to be considered.  As long as this court considers all of the factors of § 3553 (a), it's freedom to impose a reasonable sentence outside the range is unfettered.  United States v. DeMaree, 459 F. 3d 791 (7th Cir. 2006).

The nature and circumstances of this offense are not unusual.  The defendant engaged in conversations with a confidential informant, agreed to provide a sample of heroin and later delivered heroin to the informant.  The defendant did not utilize any unique or special skills to negotiate the deal or deliver the drugs.  The defendant did not use any sophisticated equipment, like a trap vehicle, to deliver or hide the drugs.  The defendant ordered the drugs from the source, traveled to the location to pick up the drugs, met the source there, obtained the drugs, put them under his clothing, walked outside, and delivered the drugs to the informant/buyer.  The defendant negotiated the deal and delivered the drugs by himself.  This is, if there is such a thing, a routine drug offense.

The defendant is 45 years old, married, a citizen of Mexico.  The defendant has four children, three of which live in Mexico with their mother, the defendant's wife.  One of the children is married, living in Kentucky.  The defendant has no prior convictions.  The defendant operated a produce farm in Mexico, which failed.  The defendant came to the United States seeking employment, and worked as a construction laborer.

The defendant must be sentenced to a term of incarceration for this offense.  The defendant recognizes, and appreciates the relief guideline §5C1.2 can afford him in this case, potentially avoiding the otherwise mandatory 10 year sentence.  The advisory guideline sentence, as calculated in the presentence investigation report, is 70 to 87 months, a very substantial sentence.

The defendant is subject to deportation as a result of his conviction in this case.  The defendant will be able to reunite with his family in Mexico, making it unlikely he will seek to reenter the United States.  The combination of the penal sentence and the deportation appear to adequately protect the public from future crimes by this defendant.  The defendant's

3

incarceration will certainly promote respect for the law.

The written plea agreement, page 8, paragraph 10, the government agreed to recommend a sentence at the low end of the applicable advisory guideline range. The defendant asserts that this establishes that there are no aggravating factors present in this case which would warrant a sentence above the minimum guideline sentence of 70 months.

The defendant entered a timely plea of guilty, and has completely acknowledged his involvement in the offense. Starting with the day of his arrest, and continuing through his proffer session with the government, the defendant has been cooperative with the government. The defendant's provided detailed information, including the identity of the source of the drugs, which would allow the government to further this investigation if they desire to do so.

The defendant asserts that consideration of § 3553 (a) factors results in a determination that a sentence below the guideline range, or at the lowest end of the guideline range is the reasonable sentence for this defendant.

Respectfully Submitted,

S/Robert L. Rascia/June 16, 2008
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
Rascia & DeCastro, Ltd.
61 W. Superior
Chicago, IL 60610
312-994-9100 Office
312-994-9105 Fax
rrascia@rascia-decastro.com; Email
ysierra@rascia-decastro.com; Secondary Email

**CERTIFICATE OF SERVICE**

I, ROBERT L. RASCIA, deposes and states that I have served a copy of the Defendant Jose Sandoval's Sentencing Position Paper VIA ELECTRONICALLY FILING to Assistant United States Attorney, Michael T. Donovan, United States Probation Officer, Sheila Lavin, on this 16th day of June, 2008.

S/Robert L. Rascia/June16, 2008
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
Rascia & DeCastro, Ltd.
61 W. Superior
Chicago, IL 60610
312-994-9100 Office
312-994-9105 Fax
rrascia@rascia-decastro.com; Email
ysierra@rascia-decastro.com; Secondary Email

Case 1:08-cr-00169   Document 18   Filed 06/16/2008   Page 6 of 6